### UNITED STATES JUDICIAL PANEL
#### on
### MULTIDISTRICT LITIGATION

**IN RE: VIZIO, INC., CONSUMER
PRIVACY LITIGATION**
MDL No. 2693

### TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff in an action pending in the Central District of California and the Vizio defendants[1] each move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California.  This litigation consists of fifteen actions pending in seven districts, as listed on Schedule A.  The Panel also has been notified of five related actions pending in three districts.[2]  All responding parties agree that centralization of these actions is appropriate, but they disagree as to the transferee district.  In addition to the movants, plaintiffs in ten actions and potential tag-along actions support centralization in the Central District of California. Plaintiff in the action pending in the Eastern District of Arkansas suggests centralization in that district.  Plaintiff in the action pending in the Northern District of Indiana supports centralization in the Northern District of Indiana or, alternatively, in the Central District of California.  Finally, plaintiffs in two potential tag-along actions pending in the Northern District of California suggest centralization in that district.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions are putative nationwide class actions against Vizio arising from allegations that it violated its customers' privacy rights by installing software on Vizio Smart TVs[3] called "Smart

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Vizio defendants include:  Vizio, Inc.; Vizio Holdings, Inc.; Vizio Inscape Services, LLC; Vizio Inscape Technologies, LLC; and Cognitive Media Networks, Inc. (collectively, Vizio).

[2] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Smart TVs are televisions that have integrated Internet capability that supports direct streaming of movies and other programs from content providers such as Netflix, Hulu, and Amazon.

-2-

Interactivity" that allowed Vizio to collect viewing data displayed on the customers' televisions.[4] Plaintiffs further allege that Vizio systematically shared the collected viewing data with third parties, who used this data to push targeted advertisements both to the Smart TV and to other devices (such as smart phones, desktop computers, and tablet computers) that shared the same internet connection. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Central District of California is the appropriate transferee district for this litigation. Both defendants and a majority of the plaintiffs support centralization in the Central District of California. Eight of the twenty related actions (including the potential tag-along actions) are pending in the district. Also, Vizio's headquarters is located in the Central District of California. Thus, the district is a convenient and accessible forum, relatively close to potential witnesses and evidence. The district also has the resources and capacity to efficiently handle this litigation. Finally, centralization before the Honorable Josephine L. Staton permits the Panel to assign this litigation to an able and experienced jurist who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Josephine L. Staton for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

[4] This viewing data allegedly included: (a) the identity of the customer's broadcast, cable, or satellite television provider; (b) the programs and commercials viewed on the television (including time, date, channel, and whether the program was viewed live or at a later time); and (c) the specific Internet Protocol (IP) address associated with the customer's Smart TV.

**IN RE: VIZIO, INC., CONSUMER
PRIVACY LITIGATION**                                    MDL No. 2693

## SCHEDULE A

Eastern District of Arkansas

OGLE, ET AL. v. VIZIO, INC., C.A. No. 4:15-00754

Central District of California

WATTS, ET AL. v. VIZIO HOLDINGS, INC., ET AL., C.A. No. 8:15-01860
WEISS v. VIZIO, INC., C.A. No. 8:15-01984
HODGES, ET AL. v. VIZIO, INC., ET AL., C.A. No. 8:15-02090
LEVINE v. VIZIO, INC., C.A. No. 8:15-02151
SLOAN v. VIZIO, INC., ET AL., C.A. No. 8:15-02166
MILEWSKI v. VIZIO HOLDINGS, INC., ET AL., C.A. No. 8:16-00156

Northern District of California

REED v. COGNITIVE MEDIA NETWORKS, INC., ET AL., C.A. No. 3:15-05217
JEWETT, ET AL. v. VIZIO, INC., ET AL., C.A. No. 3:15-06281
EDDY v. VIZIO, INC., ET AL., C.A. No. 3:16-00167
ANDERSON v. VIZIO, INC., ET AL., C.A. No. 3:16-00409

Middle District of Florida

CRAIG v. VIZIO, INC., C.A. No. 5:16-00026

Southern District of Florida

DASSA, ET AL. v. VIZIO HOLDINGS, INC., ET AL., C.A. No. 9:16-80130

Northern District of Illinois

MASON v. VIZIO HOLDINGS, INC., ET AL., C.A. No. 1:15-11288

Northern District of Indiana

PAGOREK v. VIZIO, INC., ET AL., C.A. No. 2:15-00472